# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 14-110-CG-M ) |
| NALL'S NEWTON TIRE a/k/a NALL'S NEWTON TIRE SERVICE, INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the motion of Nationwide Mutual Insurance Company ("Nationwide") to amend answer to counterclaim (Doc. 19), opposition thereto filed by Nall's Newton Tire ("NNT") (Doc. 21), and Nationwide's reply (Doc. 23). For the reasons stated below, the court finds that Nationwide's motion to amend should be granted.

## BACKGROUND

This case arises from insurance claims made for damage resulting from a fire that occurred at NNT's premises on December 18, 2012. Nationwide asserts in its complaint that no coverage exists for NNT's claims under their policy of insurance. (Doc. 1). On April 3, 2014, NNT filed its answer to the complaint and asserted counterclaims for breach of contract and bad faith refusal to pay. (Doc. 9). Nationwide filed its answer to the counterclaims on April 28, 2014. (Doc. 11). On May 21, 2014, a Rule 16(b) Scheduling Order was entered setting this action for

jury trial in June 2015 and requiring that all discovery be completed by December 31, 2014. (Doc. 17). The Scheduling Order also stated that "[a]ny motion for leave to amend the pleadings or to join other parties must be filed on or before July 1, 2014." (Doc. 17, p. 2).

On June 16, 2014, Nationwide moved to amend its answer to the Counterclaims so that it could include an affirmative defense of spoliation with regard to a compressor that it argues was not preserved and is no longer available for inspection but has been alleged to be the cause of the fire. (Doc. 19). Its proposed amended answer asserts as its fortieth affirmative defense that NNT "has failed to preserve critical evidence in this matter and spoliation bars its claims." (Doc. 19-1, p. 13). NNT objects to the amendments asserting that its counsel contacted Nationwide's counsel on July 3, 2013 regarding demolishing the building and that Nationwide's counsel affirmatively agreed that the building could be demolished without requesting that any part of the building or its contents be retained. (Doc. 21, ¶ 1). According to NNT, Nationwide had numerous opportunities to view the burned building and contents and had maintained that the compressor was not the cause of the fire. (Doc. 21, ¶¶ 2, 3). Moreover, NNT contends that the compressor has not been destroyed and is available for view and inspection. (Doc. 21, ¶ 5).

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See FED. R. CIV. P. 15(a). The

Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 12(f) allows a court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See FED. R. CIV. P. 12(f). A "motion to strike an affirmative defense is proper when the defense is insufficient as a matter of law." E.E.O.C. v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660, 662 (M.D. Ala. 2012) (citing Equal Emp't Opportunity Comm'n v. First Nat. Bank of Jackson, 614 F.2d 1004, 1008 (5th Cir. 1980) (striking an affirmative defense pursuant to Rule 12(f) when the defense was deemed insufficient as a matter of law)).[1] "Despite the fact that judges enjoy

---

[1] In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to September 30, 1981.

3

discretion to strike pleadings pursuant to Rule 12(f), striking a party's pleading is an extreme and disfavored measure." Id. (internal quotations and citations omitted).

In the instant case, Nationwide timely filed its motion to amend its answer before expiration of the 16(b) deadline for amendments. NNT has objected to the amendment asserting that the facts do not support Nationwide's proposed affirmative defense. However, NNT has not shown that the affirmative defense is insufficient as a matter of law. There has been no allegation that the addition of the affirmative defense will somehow cause undue delay or prejudice. NNT's objection appears to assert that the amendment is futile and brought in bad faith because the facts do not support it. However, the court is not in a position at this time to weigh the evidence and determine whether the defense is factually supported. No real evidence is even before the court, only the arguments of counsel. Accordingly, the court finds that substantial reason for denial of Nationwide's motion has not been shown and, therefore, that Nationwide's motion to amend must be granted.

## CONCLUSION

For the reasons stated above, the motion of Nationwide Mutual Insurance Company to amend answer to counterclaim (Doc. 19), is hereby **GRANTED**.

**DONE** and **ORDERED** this 7th day of August, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

4